IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Case No. 04-cv-02221-MSK-BNB

ROBERTA RAY,

    Plaintiff,

v.

INTERNATIONAL BANK, INC., a New Mexico State Bank and Corporation,
MATTORANO HOMES, INC., a Colorado corporation,
ANTHONY MATTORANO, an individual,
CLIFF SANTISTEVAN, an individual,
IRWIN MORTGAGE, INC., an Indiana corporation,
MARIE IIAMS, an individual,
KRISTIE ALLEN, an individual,
MARY HIGHLINE,, an individual,
BELIEVER'S REALTY, INC., a Colorado corporation,
RONALD L. SCHMEITS, an individual,
RICK TRICE,
STEPHEN MCCONNELL, ESQ., an individual,
ANTHONY ABEYTA, as Public Trustee of Las Animas County, and
DOES I THRU X,

    Defendants.

---

## ORDER DENYING MOTIONS TO DISMISS (#36, #37)

---

THIS MATTER comes before the Court on two motions to dismiss **(#36, #37)**, one filed by Defendants Schmeits and Trice, and the other filed by Defendant McConnell. Having considered the motions, the responses **(#41, #42, #52)** and the reply **(#53)**, the Court finds and concludes as follows.

## I. Jurisdiction

For purposes of determining the pending motions, the Court exercises subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.

## II. Background

The Plaintiff filed a Complaint asserting fifteen causes of action against various Defendants. She asserts eight claims against Defendants Trice and Schmeits, as follows:

    Claim 1: Violation of the Truth in Lending Act
    Claim 2: Violations of the Real Estate Settlement Procedures Act
    Claim 3: Violations of the Racketeer Influenced and Corrupt Organizations Act
    Claim 5: Breach of Fiduciary Duty
    Claim 9: Civil Common Law Theft
    Claim 10: Fraud Based Upon False Representations
    Claim 11: Fraud Based Upon Concealment
    Claim 13: Violation of §§ 38-40-105 and 6-1-105, C.R.S.

She also asserts a single claim against Defendant McConnell (Claim 14) for alleged violation of the Federal Fair Debt Collection Practices Act and the Colorado Fair Debt Collection Practices Act.

Defendants Trice and Schmeits move to dismiss all claims against them under Fed. R. Civ. P. 12(b)(6). Defendant McConnell moves to dismiss Claim 14 under both Rule 12(b)(6) and (7). The Plaintiff opposes both motions.

## III. Issues Presented

The Court must determine whether it should dismiss any of the Plaintiff's claims against

Defendants Trice, Schmeits or McConnell.[1]

## IV. Analysis

Both motions to dismiss are asserted under Fed. R. Civ. P. 12(b)(6). Under this rule, a party may move to dismiss a claim for relief on the basis that it fails to state any claims upon which relief may be granted. There is a strong presumption against the dismissal of claims under this rule. *See Cottrell, Ltd. v. Biotrol Intern., Inc.,* 191 F.3d 1248, 1251 (10th Cir. 1999). The Court accepts all well-pleaded allegations in the Complaint as true and construes them in the light most favorable to the Plaintiff. *See Williams v. Meese,* 926 F.2d 994, 997 (10th Cir. 1991). Only if the Plaintiff can allege no set of facts in support of her claims is dismissal appropriate. *See Jojola v. Chavez,* 55 F.3d 488, 490 (10th Cir. 1995).

**Defendants Schmeits and Trice**

Defendants Schmeits and Trice contend that the Plaintiff has stated no cognizable claim for relief against them because she has alleged that they "are officers of International Bank" and "they acted on behalf of International Bank and within their scope of employment." They contend that pursuant to *Mountain States Commercial Collections, Inc. v. 99¢ Liquidators, Inc.*, 940 P.2d 934 (Colo. App. 1996), and *Leonard v. McMorris*, 63 P.3d 323 (Colo. 2003), they cannot be individually liable to the Plaintiff because there are no allegations that they acted

---

[1] The motions do not comply with the Practice Standards and could be denied without discussion. However, the Court will address the merits and directs all parties to the Practice Standards found at MSK Civ. Practice Standard V.H.2.b.

outside the scope of their employment. The Plaintiff responds that Defendants Schmeits and Trice can be liable for their tortious conduct notwithstanding the fact that they were acting on behalf of Defendant International Bank.

The cases relied upon by Defendants Schmeits and Trice support the proposition that corporate officers generally cannot be individually liable for a corporation's actions to the extent that they were acting on behalf of the corporation within the scope of their authority. *See Leonard*, 63 P.3d at 330. However, they can be personally liable for their own tortious conduct. *See Hoang v. Arbess*, 80 P.3d 863, 868 (Colo. App. 2003). Here, the Complaint alleges that Defendants Trice and Schmeits engaged in tortious conduct, which is sufficient at this juncture to state a claim for individual liability.

### Defendant McConnell

In Claim 14, the Plaintiff alleges that Defendant McConnell violated the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692g ("the Federal Act"), and the Colorado Fair Debt Collection Practices Act, § 12-14-109(1), C.R.S. ("the Colorado Act"), because he failed to give the required notice either at the time he initiated foreclosure proceedings on a deed of trust or within five days thereafter. Defendant McConnell argues that the Plaintiff has failed to state a claim against him under either Act.

Under the Federal Act, "Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following

information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice" describing various aspects of the debt.  15 U.S.C. § 1692g(a).  The Colorado Act has a virtually identical requirement.  *See* § 12-14-109(1), C.R.S.  The constituent elements of a cause of action under these Acts are: (1) the defendant is a debt collector; (2) the plaintiff is a consumer; (3) the defendant made an initial communication with the plaintiff; (4) such communication was in connection with any debt; and (5) the defendant failed to give notice to the plaintiff in accordance with the Act.  Defendant McConnell contends that the Plaintiff has failed to allege facts to support elements 1, 3 and 4.

With regard to element 1, Defendant McConnell argues that the Plaintiff has failed to allege: (1) that the principal purpose of his business is to collect debts; and (2) that he regularly collects or attempts to collect debts.  However, at the pleading stage, it is not necessary for her to allege these specifics.  The Plaintiff's allegation that Defendant McConnell is a debt collector is sufficient.

Defendant McConnell argues that the Plaintiff has failed to allege sufficient facts to support element 3 because she has not pled an "initial communication."  However, the Plaintiff has alleged the existence of an an initial communication in the form of documents initiating foreclosure proceedings.  The Federal Act defines "communication" as "the conveying of information regarding a debt directly or indirectly to any person through any medium."  15 U.S.C. § 1692a(2). Similarly, the Colorado Act defines "communication" as "conveying

5

information regarding a debt in written or oral form, directly or indirectly, to any person through any medium."  Therefore, she has alleged sufficient facts in support of element three.

Relying upon *Vega v. McKay*, 351 F.3d 1334, 1336-37 (11th Cir. 2003), and two district court decisions from Florida[2] and Pennsylvania,[3] Defendant McConnell argues that documents initiating foreclosure proceedings do not constitute an "initial communication" under either the Federal or Colorado Acts.  The *Vega* court held that service of a complaint and summons does not constitute an initial communication under the Federal Act.  It reasoned that through this Act, Congress intended to curb abusive debt collection practices, not legal actions.  The *Vega* court also noted that the Federal Trade Commission stated in a non-binding commentary[4] that it did not consider the initiation of a legal action to be a communication requiring notice.

The Court first notes that the *Vega* decision does not purport to apply to the Colorado Act.  McConnell cites no Colorado law for the proposition that documents initiating court

---

[2] *McKnight v. Benitez*, 176 F. Supp. 2d 1301 (M.D. Fla. 2001) (relied upon by *Vega*).

[3] *Albanese v. Portnoff Law Associates, Ltd.*, 301 F. Supp. 2d 389 (E.D. Pa. 2004).  The *Albanese* decision did not consider whether formal pleadings initiating a court action could constitute an "initial communication" under the Federal Act.  Instead, it considered whether letters and notices violated the notice requirement of 15 U.S.C. § 1692e(11).  Such statute provides that the following is a violation of the Federal Act: "The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action." Although this statute exempts formal pleadings from containing such disclosures, they do not relieve a debt collector from making notice under 15 U.S.C. § 1692g(a).

[4] *See* Statements of General Policy or Interpretation Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed. Reg. 50097, 50108 (Dec. 13, 1988).

proceedings cannot constitute an "initial communication," and the Court has found none in its research. In addition, the Tenth Circuit apparently has not addressed this issue and there appears to be a split in opinion between the Eleventh and Seventh Circuits as to this issue. *See Thomas v. Law Firm of Simpson & Cybak*, 392 F.3d 914, 917-18 (7th Cir. 2004) (the service of a summons and complaint is an "initial communication" within the plain language of the Federal Act). Finally, both the Federal and Colorado Acts unambiguously provide that communication "through any medium" can constitute an initial communication. In the absence of binding precedent in Colorado and in the Tenth Circuit, the Court declines to dismiss the Plaintiff's claims as a matter of law at this juncture.

Defendant McConnell also argues that the Plaintiff has failed to allege sufficient facts to support element 4 because foreclosure on a deed of trust is not collection of a "debt." He relies upon *Hulse v. Ocwen Federal Bank*, 195 F. Supp. 2d 1188, 1204 (D. Or. 2002), which concluded that foreclosure on a deed of trust does not constitute the collection of a debt because the aim of foreclosure is not the payment of funds but is instead the recovery of property. He also relies upon *Heinemann v. Jim Walter Homes, Inc.*, 47 F. Supp. 2d 716, 722 (N.D. W. Va. 1998), which concluded without explanation that foreclosure on a deed does not constitute debt collection. *But see McDaniel v. South & Associates, P.C.,* 325 F. Supp. 2d 1210 (D. Kan. 2004) (declining to follow *Hulse* or *Heinemann*). The Plaintiff does not specifically address this argument in her response.

7

Construed broadly, a foreclosure proceeding is a form of debt collection. For purposes of the Federal Act, a "debt" is "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5). Similarly, under the Colorado Act, a "debt" is "any obligation or alleged obligation of a consumer to pay money arising out of a transaction, whether or not such obligation has been reduced to judgment" and "does not include a debt for business, investment, commercial, or agricultural purposes or a debt incurred by a business." §§ 12-14-109(6)(a) & (b), C.R.S. Although foreclosure proceedings do not seek or result in a money judgment, they are an attempt to collect on a debt through realization of the value of property which the debtor has pledged to secure the loan. Through foreclosure, the debt can be partially or fully satisfied. There is no binding authority which suggests that the foreclosure on a deed of trust cannot constitute the collection of a debt under either Act. As a consequence, at this juncture, the Court declines to dismiss the Plaintiff's claims on this ground.

Defendant McConnell also argues that the Plaintiff has failed to allege the existence of consumer debt such that either Act would apply. He contends that the Plaintiff's claims under the Act arise from a construction loan to construct business property and that the loan money was not primarily for personal, family or household purposes. However, the Plaintiff contends

that the loan was a home loan and that the primary purpose of the property was to serve as her home. Therefore, the Plaintiff could allege facts to support the existence of a consumer debt, and dismissal of her claims under either Act is inappropriate.

Finally, Defendant McConnell argues that § 38-38-102.5, C.R.S. provides no remedy for an alleged violation of the notice requirement under the Colorado Act. The Plaintiff responds that § 38-38-102.5, C.R.S., is not the applicable statute – instead, § 12-14-113, C.R.S., provides for a $1,000 penalty plus attorney fees. The Court agrees with the Plaintiff that § 12-14-113, C.R.S. provides a remedy for the alleged violation.

Without any legal analysis, Defendant McConnell argues that the Plaintiff has failed to name an indispensable party: his law firm, Kamm & McConnell, LLC. He contends that he did not represent Defendant International Bank as an individual lawyer in the foreclosure proceedings, but instead, his law firm represented Defendant International Bank.

Under Fed. R. Civ. P. 12(b)(7), it is Defendant McConnell's burden to produce evidence which shows that his firm's interest in this litigation will be impaired by its absence. *See Citizen Band Potawatomi Indian Tribe of Oklahoma v. Collier,* 17 F.3d 1292, 1293 (10th Cir. 1994). The Court may consider extraneous evidence when ruling on a motion under Rule 12(b)(7) without converting the motion into a summary judgment motion. *See id.* Defendant McConnell has produced no evidence to support his Rule 12(b)(7) motion. The Court also notes that when an attorney signs a pleading on behalf of a client, he – not his law firm – is deemed to represent

9

the client.  *See* C.R.C.P. 11(a); *see also* Fed. R. Civ. P. 11(a); D.C.COLO.LCivR 83.3(B).  When acting for a client, a lawyer is accountable for his own actions.

**IT IS THEREFORE ORDERED** that:

(1) The motion to dismiss **(#37)** filed by Defendants Schmeits and Trice is **DENIED**.

(2) The motion to dismiss **(#36)** filed by Defendant McConnell is **DENIED**.

Dated this 21st day of September, 2005.

                                                            **BY THE COURT:**

                                                            Marcia S. Krieger
                                                            United States District Judge